RICHARD SHARPE, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

MARY A. SHARPE, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

HENRY ST. GEORGE TUCKER, EXECUTOR OF THE ESTATE OF MARTHA S. TUCKER, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 17126, 17127, 19016. Promulgated August 23, 1929.

*Frank F. Nesbit, Esq.*, for the petitioners.
*A. H. Fast, Esq.*, and *H. D. Thomas Esq.*, for the respondent.

OPINION.

MURDOCK: The petitioners contend that the Commissioner incorrectly determined the amounts of their respective gross shares of the income from the estate of Richard Sharpe. The Commissioner did not attempt to explain or justify his determination. The records

of the trustee under the will of Richard Sharpe were presented to us in detail, and from an examination of these records in connection with the testimony of the trustee himself, it appears that the Commissioner overstated the total amount distributable to and received by the three petitioners from the trustee. This total amount consisted of a small item of interest on bonds and a large item of royalties as set forth in our findings of fact.

Richard Sharpe, the father of the petitioners, had provided in his will that one-eighth of the mine rents and income from the land leased to the Alden Coal Co. should be distributed to his wife. She died before the taxable years in question, and by the terms of his will this one-eighth of the mine rent and income from the coal lands was to be divided equally among the children. Thus, after the death of the mother, each child was entitled to three-twentieths for life instead of one-eighth, which had theretofore been given them. This was the situation at the beginning of the year 1924. The petitioners concede that they are not entitled to depletion in regard to the three-twentieths which each of them received for life under these provisions of the will.

Richard Sharpe, the father, also provided in his will that two-eighths of the mine rents and income from the land leased to the Alden Coal Co. should be invested by his trustees and the annual income from the investments distributed in equal parts to his five children. This part of the will was found by the Orphans' Court of Luzerne County to offend against the rule of Pennsylvania law which forbade the imposition of restraints upon the use and enjoyment of property for an unreasonable period of time. The court further held that the testator's five children were entitled to have the fund, which had been accumulated under this provision of the will, distributed to them in equal shares, and, from time to time, to have distributed to them, in equal shares, one-fourth of the royalties which might be received in the future by the trustees. The five children were also entitled to share equally in the residue of the father's estate which was not specifically devised or bequeathed by him. The provision of the will directing accumulation having failed, this part of the father's estate was then a part of the residue and went to the children not for life only, but forever, subject, however, to the trust. With these portions of the royalties received by the trustee during 1924 we are now concerned.

Elizabeth Sharpe, one of the original five children of the testator, Richard Sharpe, died on June 6, 1924, without issue. This terminated her life estate in the three-twentieths of the income from the coal property, and under the terms of her father's will the four surviving children were thereafter entitled to receive this income.

On September 25, 1924, Sally Sharpe, one of the original five children, died without issue and the question arose as to who was entitled to the three-twentieths of the income from the mine property which had been hers for life under the terms of her father's will. This question depended upon what their father had meant in his will when he said " in the event of the death of any of my said children without leaving a child or children at the time of such death, then in trust for the use of my surviving children, their heirs and assigns in equal parts," and particularly what he meant in this clause by the words " my surviving children."

All of the parties in interest petitioned the court of Luzerne County to settle this question and the court did so by deciding that the words meant surviving at the death of the testator. In its opinion the court stated that after the death of Sally, the three-twentieths of the coal royalties would vest in Richard Sharpe, Mary A. Sharpe, Martha Sharpe Tucker and the estate of Elizabeth Sharpe. The petitioners contend that they are entitled to deduct depletion from that part of the income from the Alden lease which represents their respective shares of the two-eighths which was to be accumulated, of three-twentieths of the income which was formerly paid to Elizabeth for life, and also of three-twentieths of the income which was formerly Sally's for life.

Under the will of Richard Sharpe a trust was created, the income from which for the year 1924 should have been reported in accordance with the provisions of section 219 of the Revenue Act of 1924. This was not the kind of a trust that was dealt with in *Julia N. DeForest*, 4 B. T. A. 1059. The trustee had other duties beside merely collecting the income and paying it over to the beneficiaries. The petitioners do not contend that the trustee was relieved from reporting any part of the gross income received from the Alden lease. There is nothing to indicate that after the decree of the Orphans' Court on April 26, 1924, the trustee should not receive and distribute all of the gross royalties in accordance with the will as modified by the order of the court, nor is there anything to indicate that after the decree of January 18, 1926, the trustee should not receive and distribute all of the royalties in accordance with the will as modified by the two orders. Thus, all of the gross royalties were apparently properly received by a trustee during the year 1924 and in reporting this income, the provisions of section 219 of the Revenue Act of 1924 governed.

Section 219 of the Revenue Act of 1924 provides for the taxation of the income of any kind of property held in trust. The income of the trust estate must be reported by the fiduciary. From the net income of the trust depletion may be deducted by the fiduciary.

There is also allowed as a deduction in computing the net income of the trust, the amount of the income thereof for its taxable year which is to be distributed currently by the fiduciary to the beneficiaries, but the amount so allowed as a deduction must be included in computing the net income of the beneficiaries whether distributed to them or not. There is no provision in section 219 for the deduction of depletion by the beneficiary from the net income of the trust which is to be distributed currently by the fiduciary to the beneficiary. As Congress has not seen fit to allow the beneficiaries to deduct depletion from their distributive shares of the net income of the trust, then of course we can not. On the question of depletion our judgment is for the respondent. *Baltzell* v. *Mitchell*, 3 Fed. (2d) 428; certiorari denied, 268 U. S. 690. Cf. *Arthur H. Fleming, et al.*, 6 B. T. A. 900; *Detroit Trust Co. et al., Executors*, 16 B. T. A. 207, and other cases cited in these two cases.

The conclusion which we have reached that Congress has not given the beneficiaries the right to deduct depletion is strengthened by a further consideration of section 219. There, in subdivision (c), Congress provided that if no part of the income of the trust is included in computing the net income of any beneficiary, then the trust shall be allowed, in addition to other credits, the same credits as are allowed by subdivisions (a) and (b) of section 216, and in subdivision (d) of section 219, Congress provided that if any part of the income of a trust is included in computing the net income of any beneficiary, such beneficiary shall, for the purpose of the normal tax, be allowed as credits, in addition to the credits allowed to him under section 216, his proportionate share of such amounts specified in subdivisions (a) and (b) of section 216 as under section 219 are required to be included in computing his net income, and any remaining portion of such amounts specified in subdivisions (a) and (b) of section 216, shall, for the purpose of the normal tax, be allowed as credits to the trust. Thus, Congress specifically provided for the division between the trust and the beneficiary of the credit for dividends and interest, and had Congress intended that the deduction for depletion should be divided in any way between the trust and the beneficiaries, it is only reasonable to suppose that it would have made specific provision for it instead of merely providing that the trust should have the deduction.

Counsel for the petitioners at the time of the hearing moved to vacate the Commissioner's answers and for entry of judgment by default because of the fact that the answers were filed late without the time therefor being properly extended under the Board's rules. This motion is denied, for, as we have pointed out, the facts alleged by

142

the petitioners do not, in our opinion, entitle them to any relief on the depletion question, while on the other question our judgment is in their favor regardless of the motion.

*Judgment will be entered under Rule 50.*